IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER G.,[1]<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | No. 25-CV-1001-CJW-KEM<br><br><br>**ORDER** |

_____

## I.  INTRODUCTION

This case is before the Court on a January 9, 2026 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 15). Judge Mahoney recommends that the Court reverse the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Christopher G.'s ("Claimant") application for disability insurance ("DI") benefits under Title II of the Social Security Act, 42 United States Code, Sections 401–434, and remand the case for further proceedings. Neither party has objected to the R&R. The deadline for such objections has expired. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons stated below, the Court **accepts** Judge Mahoney's R&R (Doc. 15) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II.    APPLICABLE STANDARDS

### A.    *Judicial Review of the Commissioner's Decision*

The "Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting Kelley v. Callahan, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit describes the standard as "something less than the weight of the evidence [that] allows for the possibility of drawing two inconsistent conclusions." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting Turley v. Sullivan, 939 F.3d 524, 528 (8th Cir. 1991)).

In determining whether the Commissioner's decision meets this standard, the Court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The Court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The Court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the Court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court, however, may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite

2

> the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## III. BACKGROUND

The Court has reviewed the record and finds that Judge Mahoney accurately summarized the pertinent facts and procedural history of this case. (Doc. 15, at 1–3). In short, claimant alleged disability due to migraines, spinal cord surgeries in November 2021, Reynaud's disease, cognitive issues, and anxiety. Claimant filed for DI benefits in April 2022, alleging an onset date of June 30, 2021. The Commissioner denied his benefits and he sought review by an Administrative Law Judge ("ALJ"). The ALJ found that claimant suffered from the severe impairments of migraines, major depressive disorder, and anxiety disorder. (AR 17). Nevertheless, the ALJ found claimant had the residual functional capacity ("RFC") to perform medium work with "moderate noise" and "simple routine tasks." (AR 19). Although the ALJ found claimant could not return to his past work, the ALJ found there were other jobs in the national economy that claimant could perform, such as marker, office helper, and patient transporter. (AR 29). Accordingly, the ALJ found claimant not disabled and denied his application for DI benefits. (AR 29-30).

## IV. DISCUSSION

Claimant argues that the ALJ erred in two ways. First, by finding the state agency psychological consultant's opinions persuasive, but then failing to include in the RFC that consultant's limitation to working involving only three- to four-step tasks, and failing to explain the discrepancy. (Doc. 15, at 4). Second, by finding that the job of "marker" exists in substantial numbers in the national economy. (Doc. 15, at 10-14). Judge Mahoney found the ALJ erred on the first issue, but not the second. The Court will address each in turn.

4

### A. Consultant's Opinions and the 3- to 4-Step Limitation

Judge Mahoney found the ALJ erred by crediting the consulting physicians' opinions, but then failing to adopt a limitation that formed the basis of those opinions. Judge Mahoney noted the law requires that ALJs articulate what opinions they find persuasive and, if they find an opinion persuasive, why they would reject any limitation contained in that opinion. (*Id.*). Judge Mahoney then reviewed the consultants' opinions, including Dr. Pederson's opinion that the "evidence supports that claimant would be able to complete 3- to 4-step tasks on a sustained basis." (*Id.*, at 5, citing AR 67). Judge Mahoney next reviewed the ALJ's decision, noting the absence of the 3- to 4-step limitation. (*Id.*, at 5).

The Commissioner asserts that the consultants' opinions do not support such a 3- to 4-step limitation. (*Id.*, at 5-6). Judge Mahoney disagreed with the reading of the consultants' opinions, and the Court agrees with Judge Mahoney. The Court also agrees with Judge Mahoney that there is no basis in the record or the law to conclude that the ALJ's limitation to "simple routine tasks" is more limited than a 3- to 4-step task limitation. (*Id.*, at 6).

Judge Mahoney went on to note that neither the VE hypothetical nor the written RFC limited claimant in the number of tasks he was able to perform. (*Id.*, at 6-8). Judge Mahoney found persuasive courts that have found that a limitation to simple, routine work does not encompass a limitation to 3- to 4-step tasks. (*Id.*, at 9-10). The Court agrees with Judge Mahoney's reasoning, and likewise finds those courts persuasive. Thus, the Court finds the ALJ erred by assigning persuasive weight to the state agency consultants' opinions, but then failing to adopt those consultants' opinions that claimant is limited to 3- to 4-step tasks.

### B. The ALJ's Use of Medical Opinions

Judge Mahoney found substantial evidence in the record supports the ALJ's reliance on the vocational expert's opinion that the job of marker, one who marks and

5

attaches price tags on merchandise, exists in substantial numbers in the national economy. (Doc. 15, at 10-14). Claimant had urged that the ALJ erred in this finding, asserting the term was obsolete, citing district court cases questioning whether such jobs still exist. (*Id.*, at 10-11). Judge Mahoney then examined the law and noted that vocational experts rely on more information than merely Dictionary of Occupational Title definitions in reaching their opinions. (*Id.*, at 12-13). Judge Mahoney noted that the vocational expert here had more than thirty-years' experience. (*Id.*, at 12). Accordingly, she found the ALJ could properly rely upon that expert's opinion that the job of marker still exists in the national economy, despite technological developments such as bar codes. (*Id.*, at 13-14).

The Court finds Judge Mahoney's reasoning sound, and likewise concludes that substantial evidence supported the ALJ's finding in this regard. Thus, on this issue, the ALJ did not err.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 15) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Mahoney's recommendation, the Commissioner's determination is **reversed**, and this matter is **remanded** to the Commissioner under sentence four of Section 405(g) for further proceedings consistent with this order and Judge Mahoney's R&R.

**IT IS SO ORDERED** this 5th day of March, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

6

Case 2:25-cv-01001-CJW-KEM    Document 16    Filed 03/05/26    Page 6 of 6